OPINION
{¶ 1} Ann Hunter appeals from the imposition of a five-year maximum sentence for attempted felonious assault. Sentencing was pursuant to our remand in State v. Hunter, Champaign App. No. 2005 CA 17,2006-Ohio-1428. The trial court had previously sentenced Hunter to five years on this offense. Id.; State v. Hunter, Champaign App. No. 2004 CA 5, *Page 2 2005-Ohio-443. Hunter advances three assignments of error. The particular facts supporting each assignment will be provided with that assignment.
 I {¶ 2} "1) THE SENTENCING COURT COMMITTED REVERSIBLE ERROR IN ITS IMPOSITION OF SENTENCE WITHOUT CONSIDERING THE FACTORS REQUIRED BY LAW"
 {¶ 3} In imposing sentence, the trial court stated: "After considering all matters in the case, the Court imposes * * * a prison term of five years, the maximum sentence."
 {¶ 4} Hunter argues that this statement establishes that the trial court failed to consider those factors that it was required by law to consider. She cites to State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, 846 N.E.2d 1, in support of this contention:
 {¶ 5} "Although after [State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470] the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include RC. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." Mathisat ¶ 38.
 {¶ 6} The fact that the court did not refer to these statutes does not establish that the court failed to consider them. Mathis was released the same day as Foster, which stated "that trial courts have full discretion to impose a prison sentence within the statutory range and are no *Page 3 
longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences." Foster at ¶ 100. If Mathis, as Hunter contends, "clarified" Foster, it only did so by emphasizing that sentencing discretion is not unbridled, but must be guided by R.C. 2929.11 and R.C. 2929.12, and the offense specific statute or statutes. It did not reinstate an obligation to state findings and reasons that Foster had that same day eliminated. See, also, State v. Arnett, 88 Ohio St.3d 208, 215, 2000-Ohio-302,724 N.E.2d 793.
 {¶ 7} The record fails to demonstrate that the trial court failed to consider those matters it was obliged to consider. The first assignment is overruled.
 II {¶ 8} "2) THE SENTENCING COURT COMMITTED REVERSIBLE ERROR IN ITS FAILURE TO FULFILL ITS MANDATORY DUTY TO OFFER AND ALLOW DEFENDANT THE PROPER EXERCISE OF HER ALLOCUTION RIGHTS."
 {¶ 9} Crim.R. 32(A)(1) requires the trial court, before imposing sentence, to "address the defendant personally and ask if * * * she wishes to make a statement in * * * her own behalf or present any information in mitigation of punishment."
 {¶ 10} This resentencing — for security reasons — took place at the Ohio Reformatory for Women at Marysville. Six correctional officers were present. Hunter was in shackles and wearing a spit mask.
 {¶ 11} As the proceeding opened, Hunter directed a barrage of vulgar language at the judge and at least one other person. The prosecutor declined to make a statement and defense counsel limited his statement to a request for jail time credit. Hunter continued her vulgar ranting during her counsel's remarks and then — continuing with her foul rant — told the judge *Page 4 
that far more serious offenders than she were treated more leniently than she.
 {¶ 12} The trial court then interjected as follows:
 {¶ 13} "The Defendant has been ranting vulgar obscenities for in excess of 90 seconds. The Court will allow her to continue her statement in completion of allocution rights for 20 more seconds and then the conversation will terminate."
 {¶ 14} The purpose of Crim.R. 32(A)(1) is to inform a defendant that he or she has a right to make a statement or offer information in mitigation of sentence.
 {¶ 15} From this record, we can only conclude that Hunter was aware of this right-possibly from past sentencings — and needed no invitation from the trial court to inform the court she was being treated more severely than worse offenders which, in effect, was a statement in mitigation.
 {¶ 16} To find error on this record because the trial court did not formally invite Hunter to speak in mitigation of sentence would be to elevate form over substance.
 {¶ 17} The second assignment is overruled.
 III {¶ 18} "3) AS THE SENTENCING COURT DEMONSTRATED ITS BIAS AGAINST APPELLANT AT THE SENTENCING HEARING, THE FAILURE OF DEFENSE COUNSEL TO MOVE FOR RECUS AL WAS INEFFECTIVE ASSISTANCE OF COUNSEL AND CONSTITUTED REVERSIBLE ERROR."
 {¶ 19} At the conclusion of the additional time allowed for allocution, the trial court referred to Hunter as "a sorry excuse for humanity" and — after another vulgar outburst — as a "despicable example of humanity." *Page 5 
 {¶ 20} Hunter faults defense counsel for not seeking recusal of the trial court for perceived bias.
 {¶ 21} The second paragraph of the syllabus in State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, provides:
 {¶ 22} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)"
 {¶ 23} We are not persuaded that the record supports either prong of the two-prong test for ineffective assistance of counsel.
 {¶ 24} First, we are not persuaded that the trial court's remarks reflect bias. The trial court had previously sentenced Hunter on two occasions to five years, and it is unlikely that it would have resentenced Hunter to a shorter term of imprisonment even had she been better behaved. Furthermore, the trial court's remarks were made only after a barrage of unrelenting verbal abuse by Hunter. The court's unflattering references to Hunter under these circumstances do not convince us that the trial court did not remain impartial. Thus, we find no deficient performance in defense counsel's not seeking recusal.
 {¶ 25} Finally, because the trial court imposed the same sentence it had previously imposed on two prior occasions, we find it unlikely that Hunter was prejudiced by her counsel's not seeking recusal. It would be entirely speculative to conclude that, even if the trial court would have stepped aside, a different judge would have imposed a lighter sentence. *Page 6 
 {¶ 26} The third assignment is overruled.
 IV {¶ 27} The judgment will be affirmed.
 BROGAN, J. and FAIN, J., concur. *Page 1