OPINION *Page 2 
¶{1} Defendant-appellant Terry Gray appeals from the sentence issued in the Mahoning County Common Pleas Court for felonious assault, a violation of R.C. 2903.11(A)(1)(D), a second degree felony; menacing by stalking, a violation of R.C. 2903.211(A)(1)(B)(2)(e), a fourth degree felony; and retaliation, a violation of R.C. 2921.05 (B)(C), a third degree felony. Gray asserts two arguments in this appeal. First, he contends that the trial court erred in sentencing him to maximum consecutive sentences. Second, he argues that he was not afforded his right of allocution. For the reasons expressed below, the judgment of the trial court is affirmed.
 STATEMENT OF CASE ¶{2} This appeal involves two common pleas court case numbers: 06CR154 and 07CR625. In case number 06CR154, on February 23, 2006, Gray was indicted on four counts: count one was for felonious assault, a violation of R.C. 2903.11(A)(1)(D), a second degree felony; count two was for domestic violence, a violation of R.C. 2919.25(A)(D), a first degree misdemeanor; count three was for assault, a violation of R.C. 2903.13(A)(C), a first degree misdemeanor; and count four was for menacing by stalking, a violation of R.C. 2903.211(A)(1)(B)(2)(e), a fourth degree felony.
¶{3} In case number 07CR625, on June 7, 2007, Gray was indicted on two counts: count one was for retaliation, a violation of R.C. 2921.05(B)(C), a third degree felony; and count two was for harassment by an inmate, a violation 2921.38(A)(D), a fifth degree felony.
¶{4} These cases were set together for pretrial and on July 13, 2007, Gray entered into a plea agreement with the state for both cases. In case number 06CR154, Gray pled guilty to counts one and four of the indictment — felonious assault and menacing by stalking; the state dismissed counts two and three — domestic violence and assault. The state agreed to recommend a six year sentence for felonious assault and an eighteen month sentence for menacing by stalking. It would recommend that those sentences run concurrent with each other and concurrent with the sentence in 07CR625. *Page 3 
 ¶{5} In case number 07CR625, Gray pled guilty to count one of the indictment — retaliation; the state dismissed the second count — harassment by an inmate. It agreed that it would recommend five years for retaliation and that time would be recommended to be served concurrent with the sentence in 06CR154. Therefore, for case numbers 06CR154 and 07CR625, the state was recommending an aggregate sentence of six years.
¶{6} After a Crim. R. 11 colloquy, the trial court accepted the pleas. 07/13/07 Judgment Entries for Case Nos. 06CR154 and 07CR625.
¶{7} Sentencing for both cases occurred in one hearing on August 10, 2007. At the sentencing hearing, the state went through the terms of the plea agreement. However, after stating the terms, the state indicated that it was rescinding its recommendation for an aggregate sentence of six years and would instead recommend the maximum. (Sentencing Tr. 2). Its reason for rescission was that following the plea, the state learned that Gray had picked up two new charges, two counts of assault on a deputy. (Sentencing Tr. 2).
¶{8} Deputy Blount, the victim of the harassment by inmate charge, which was dismissed, and the victim of the new assault charges, made a statement prior to sentencing. Also, a written victim statement by Michelle Smith, the victim of the felonious assault charge, was read into the record.
¶{9} Both of Gray's attorneys then made statements requesting that the court follow the recommendation made in the plea agreement. (Sentencing Tr. 12-13). Thereafter, the trial court asked Gray if he would like to say anything. (Sentencing Tr. 14). Gray responded in the negative. (Sentencing Tr. 14).
¶{10} The trial court then reviewed Gray's criminal history and proceeded to sentencing. (Sentencing Tr. 15). In case number 06CR154, he received six years for felonious assault and eighteen months for menacing by stalking. Those sentences were ordered to run concurrent with each other. In case number 07CR625, Gray received five years for retaliation. The trial court ordered that sentence to be served consecutive to the sentence issued in 06CR154. Thus, Gray received an aggregate sentence of eleven years. 08/14/07 Judgment Entries for Case Nos. 06CR154 and 07CR625; (Sentencing Tr. 15-16). Gray timely appeals raising two assignments of error.
 FIRST ASSIGNMENT OF ERROR *Page 4 ¶{11} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO THE MAXIMUM CONSECUTIVE SENTENCES CONTRARY TO OHIO'S FELONY SENTENCING GUIDELINES."
¶{12} Following Foster, there has been confusion among the appellate courts as to what the standard of review is for felony sentences. There have been three approaches taken by the appellate courts. Some appellate districts, including ours, have held that R.C. 2953.08(G)(2) and its clear and convincingly contrary to law standard is the only applicable standard to use when reviewing felony sentences. State v.McLaughlin, 7th Dist. No. 07MA39, 2008-Ohio-3329, ¶ 13; State v.Goins, 8th Dist. No. 89232, 2007-Ohio-6310, ¶ 13-14; State v.Johnson, 6th Dist. No. OT-07-007, 2007-Ohio-6000, ¶ 10-11; State v.Burton, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 17; State v.Victory, 4th Dist. No. 06CA4, 2006-Ohio-5461, ¶ 15. Other appellate courts have held that following Foster, R.C. 2953.08(G)(2) is no longer effective; these appellate courts only employ an abuse of discretion standard of review when reviewing felony sentences. State v. Babb, 9th Dist. No. 23631, 2007-Ohio-5102, State v. Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823. The third approach used by some appellate courts invokes both standards of review. State v. Payne, 11th Dist. No. 2006-L-272, 2007-Ohio-6740, ¶ 17-19; State v. McLaughlin, 3d Dist. No. 3-06-19, 2007-Ohio-4114, ¶ 12.
¶{13} Given these different approaches, the Ohio Supreme Court attempted to resolve the conflict in State v. Kalish, Slip Opinion No. 2008-Ohio-4912. However, in that decision, the Supreme Court rendered a plurality opinion (Justices O'Connor, Moyer and O'Donnell), a concurring in judgment only opinion (Judge Willamowski, of the Third District sitting by assignment), and a dissenting opinion (Justices Lanzinger, Pfeifer and Stratton).
¶{14} The plurality concluded that in reviewing felony sentences the appellate courts must apply a two-step approach. Id. at ¶ 26 (O'Connor, J., plurality opinion). The first step requires appellate courts to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. (O'Connor, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 13-14 (O'Connor, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the sentencing *Page 5 
court's exercise of discretion "in selecting a sentence within the permissible statutory range is subject to review for any abuse of discretion." Id. at ¶ 17 (O'Connor, J., plurality opinion). Thus, an abuse of discretion is used to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 17 (O'Connor, J., plurality opinion).
¶{15} The concurring in judgment only opinion did not entirely agree with the plurality's "overly broad" two step approach to reviewing felony sentences. Id. at ¶ 42 (Willamowski, J., concurring in judgment only). It agreed with the plurality that the sentence should be reviewed under the clearly and convincingly contrary to law standard to determine if the sentencing court complied with all applicable rules and statutes, which would include R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 42 (Willamowski, J., concurring in judgment only). However, according to it, the clearly and convincingly contrary to law standard is only applicable to R.C. 2929.12 in determining whether the sentencing court "bothered to consider the factors" in R.C. 2929.12(B)-(D). Id. (Willamowski, J., concurring in judgment only). If the sentencing court did consider those factors, then an appellate court would review the application of those factors under an abuse of discretion standard of review. Id. (Willamowski, J., concurring in judgment only). This differs from the plurality opinion in that instead of requiring the entire sentence to be reviewed for an abuse of discretion, only the application of R.C. 2929.12(B)-(D) is reviewed under the abuse of discretion standard.
¶{16} The dissent concluded that post-Foster the standard of felony sentencing review remains unchanged and that only a clearly and convincingly contrary to law standard of review is employed. Id. at ¶ 43 (Lanzinger, J., dissenting).
¶{17} Considering the above holdings and reasons in Kalish, the confusion surrounding the standard of review for felony sentences has not been clearly resolved. What we can glean from Kalish is that appellate courts should review felony sentences under both the clearly and convincingly contrary to law standard and the abuse of discretion standard of review until the Supreme Court clearly and expressly determines the standard of review.
¶{18} With that standard in mind, we now turn to reviewing the sentence. We start with the determination of whether the trial court considered the applicable statutes in sentencing. Post-Foster, when sentencing, a court must consider the purposes of felony sentencing enumerated in R.C. 2929.11, seriousness and *Page 6 
recidivism factors enumerated in R.C. 2929.12 and the applicable sentencing ranges in R.C. 2929.14(A). State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, ¶ 42; State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855. That said, there is no mandate for judicial fact-finding in those general guidance statutes. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 22. Thus, it is not necessary for a trial court to make specific findings as to the factors it considered when imposing the sentence upon a defendant. State v. Arnett, 88 Ohio St.3d 208, 215, 2000-Ohio-302. Rather, the trial court satisfies its duty "* * * with nothing more than a rote recitation * * *" that the court considered the applicable factors. Id.; State v. Simpson, 7th Dist. No. 01CO13, 2002-Ohio-1565.
¶{19} Here, the trial court, in its sentencing entry, stated:
¶{20} "The court considered the record, oral statements, as well as the principles and purposes of sentencing under ORC § 2929.11 and balances the seriousness and recividism [sic] factors under ORC § 2929.12. The Court finds that Defendant is not amenable to community control sanction." 08/14/07 Judgment Entries for Case Nos. 06CR154 and 07CR625.
¶{21} Furthermore, the six year sentence for felonious assault, a second degree felony, fell within the applicable two to eight year range; the eighteen month sentence for menacing by stalking, a fourth degree felony, fell within the applicable six to eighteen month range, and the five year sentence for retaliation, a third degree felony, fell within the applicable one to five year range. R.C. 2929.14(A)(2), (3) and (4).
¶{22} Thus, as is shown, the trial court clearly considered the applicable statutes when sentencing Gray.
¶{23} Next, we must determine whether the trial court abused its discretion in sentencing Gray. At the sentencing hearing, the trial court considered the likelihood of recidivism, which is enumerated in R.C. 2929.12(D). It asked Gray his age; Gray indicated that he was twenty-two years old. The judge then indicated that he had the record of a fifty-two year old man. (Sentencing Tr. 15). He expounded:
¶{24} "THE COURT: Assault, gross sexual imposition, attempted and felonious assault, resisting arrest, criminal trespass, flight to avoid prosecution, assault, carrying concealed weapon, probation violation, three counts of assault, gross sexual imposition. Okay. This court doesn't believe in demeaning Mr. Gray in any fashion more so than what his record displays to the court, but taking everything into *Page 7 
account, it is going to be the order of the court in Case 06 CR 154 in Count One the defendant will be sentenced to six years in the Lorain Correctional Facility. There will be no fine imposed due to his indigency. Costs will be imposed.
¶{25} "In Count Four of Case Number 06 CR 154, the defendant will be sentenced to 18 months, Lorain Correctional Facility. There will be no fine. Court costs will be imposed. The 18 months in Count Four to be served concurrently with the six years.
¶{26} "In 07 CR 625, the count of retaliation, it will be the order of the court the defendant will be sentenced to five years Lorain Correctional Facility; that five years to be served consecutively to the six-year term in Case Number 06 CR 154. There will be no fine imposed. Court costs will be imposed." (Sentencing Tr. 15-16).
¶{27} Additionally, prior to sentencing, the trial court heard and considered a statement from Deputy Blount, who was the victim on the new charges against Gray and was also the victim of the harassment by an inmate charge (which was dismissed) in case number 07CR625. This statement concerned Gray being a continual problem in the county jail and, as such, is a consideration under the recidivism factors in R.C. 2929.12(D). Although Deputy Blount was the victim in the dismissed charge and in the new charges against Gray, the trial court did not commit error by allowing him to make a statement:
¶{28} "It is well-established that a sentencing court may weigh such factors as arrests for other crimes. As noted by the Second Circuit United States Court of Appeals, the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The courts' consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant: To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions.' United States v. Doyle (C.A.2, 1965), 348 F.2d 715,721, certiorari denied 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965);United States v. Metz (C.A.3, 1972), 470 F.2d 1140, certiorari denied411 U.S. 919, 93 S.Ct. 1558, 36 L.Ed.2d 311 (1973)." State v.Burton (1977), 52 Ohio St.2d 21, 23. See, also, City of Maple Heights v.Dickard (1986), 31 Ohio App.3d 68, 71; State v. Crites, 7th Dist. No. 04MA 146, 2005-Ohio-2704, ¶ 20. *Page 8 
 ¶{29} Furthermore, the trial court also considered the seriousness factors in R.C. 2929.12(B). The trial court heard the statement of the victim in case number 06CR154, Michelle Smith. Her statement indicated that she and Gray were in a relationship. (Sentencing Tr. 4). She stated that during this relationship Gray was mentally, emotionally and physically abusive. (Sentencing Tr. 4-6). R.C. 2929.12 (B)(2) states that a factor that makes an offense more serious is that the victim suffered "serious physical, psychological, or economic harm as a result of the offense." Smith's written statement clearly indicates that this factor would apply. Thus, since the trial court indicated during sentencing that it was taking everything into account, it can be concluded that the trial court considered the written statement when determining the sentence. Furthermore, its indication in the judgment entry that it considered the factors R.C. 2929.12 suggests that it did use the harm to Smith as a factor in determining the appropriate sentence.
¶{30} Taking into account all the recidivism and seriousness indicators in R.C. 2929.12 that were considered by the trial court when sentencing Gray, we cannot find that the trial court abused its discretion in rendering the 11 year aggregate sentence.
¶{31} In conclusion, the trial court did consider R.C. 2929.11 and2929.12, thus the sentence was not clearly and convincingly contrary to law. Furthermore, it did not abuse its discretion in applying the seriousness and recidivism factors to the facts of this case. This assignment of error lacks merit.
 SECOND ASSIGNMENT OF ERROR ¶{32} "THE TRIAL COURT COMMITTED ERROR IN FAILING TO AFFORD THE DEFENDANT THE RIGHT OF ALLOCUTION."
¶{33} Gray's argument under this assignment of error is that the trial court failed to comply with Crim. R. 32(A) in that he was not given the right to allocution in each case number. Crim. R. 32(A)(1) confers a right of allocution. It requires the trial court, before imposing sentence, to "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Crim. R. 32(A)(1). The purpose of Crim. R. 32(A)(1) is to inform a defendant that he or she has a right to make a statement or offer information in mitigation of sentence.State v. Hunter, 2d Dist. No. 2006 CA 30, 2007-Ohio-5176, ¶ 14. *Page 9 
 ¶{34} "`A Crim. R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse' and courts must `painstakingly adhere' to the Rule. State v.Green, 90 Ohio St.3d 352, 359-330, 2000-Ohio-0182. `In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim. R. 32(A), resentencing is required unless the error is invited error or harmless error.'" State v. Campbell, 90 Ohio St.3d 320, paragraph three of the syllabus, 2000-Ohio-183. The remedy for a violation of a defendant's right of allocution is to remand the case for re-sentencing. Green, 90 Ohio St.3d at 360.
¶{35} During sentencing, the trial court did personally address Gray and gave him the opportunity to speak on his own behalf — the right of allocution. (Sentencing Tr. 14).
¶{36} "THE COURT: Okay. Mr. Gray, is there anything you would like to say prior to the court imposing sentence?
¶{37} "THE DEFENDANT: No, sir, Your Honor.
¶{38} "THE COURT: Nothing?
¶{39} "THE DEFENDANT: No, sir." (Sentencing Tr. 14).
¶{40} The trial court then proceeded to sentence Gray on both case numbers. (Sentencing Tr. 15-16).
¶{41} Gray contends that this colloquy was not sufficient to guarantee his right to allocution. He contends that the trial court should have specified that it was asking about both case numbers. In support of his argument he cites to Green, 90 Ohio St.3d 352, 2000-Ohio-182.
¶{42} A three judge panel found Green guilty of aggravated murder, a capital offense, and other noncapital offenses. Following the penalty phase, the court asked whether the defense had any objection to sentencing on the noncaptial offenses as well as the capital offense. The defense responded that it did not. The trial court then asked:
¶{43} "Is there anything with regard to those offenses, Counsel or Mr. Green, prior to the Court passing sentence on both those counts as well as on Counts 7, 8, and 10?"
¶{44} Green said nothing in response to the inquiry. The Supreme Court held that the above request from the trial court was not explicit enough. The Court stated *Page 10 
that the trial court "erred in not explicitly asking Green, in an inquiry directed only to him, whether he had anything to say before he was sentenced." Id. at 359. The Court then stated:
¶{45} "The trial court's reference to `both those counts' is ambiguous. The context suggests that the court may have solicited comment only on the noncapital offenses. Instead, the trial court should have specifically asked Green if he had anything to say about the capital counts as well as the other offenses. The record demonstrates a violation of Crim. R. 32 that was neither invited nor harmless." Id. at 359.
¶{46} Thus, for those reasons, the Supreme Court found that Green's right to allocution was violated and remanded the case for resentencing.
¶{47} The Green case does not support Gray's argument to the extent he suggests. The above quote indicates that the context in which the trial court solicited comments from Green may have only been a request for comments on the noncapital offenses and not a request for comments on the capital offense. That is not the case here. These cases were set together for pretrial and the trial court accepted the pleas for 06CR154 and 07CR625 at the same time. It is clear how these cases were being processed that the trial court's question about having anything to say before sentencing was a question concerning both case numbers and all counts under those case numbers.
¶{48} Similarly, our sister district has stated that while "theGreen court discussed these ambiguities, a fair reading of the case does not lead us to believe that the issue of ambiguity among counts was dispositive in the court's thinking. The stated rule is broader than that. Rather, the court seems to have adopted a federal holding on the issue when it quotes Green v. United States (1961), 365 U.S. 301, 305, in its direction that `[J]udges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.'" State v. Davis, 6th Dist. No. L-00-1143, 2002-Ohio-3046, ¶ 57. Thus, under that interpretation of Green, when there is no doubt that a defendant is being given the opportunity to speak, the right to allocution has occurred. Here, as stated above, that right was clearly given to Gray.
¶{49} Additionally, Green is distinguishable because it is a capital case. The Supreme Court was clearly focusing on the fact that Green was not afforded his right *Page 11 
to allocution because the request was not clear that Green could make statements about both the capital offense and noncapital offenses. The Court honed in on whether Green understood he could speak about the capital offense and make his own individual plea for mitigation. The right to allocution in a capital case is the last plea for not imposing the death sentence and is a very important right. As such, as the state indicates, capital cases are different from noncapital cases. For all the above reasons, we find that Green was adequately afforded his right to allocution and that this assignment of error is meritless.
¶{50} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1