[Cite as *State v. Watson*, 2011-Ohio-1178.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 MA 62 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| LARRY B. WATSON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 08 CR 1283

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Scott C. Essad
6 Federal Plaza Central, Suite 1300
Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: March 9, 2011

WAITE, P.J.

**{1}** Appellant Larry B. Watson is challenging the ten-year prison sentence imposed by the Mahoning County Court of Common Pleas after he pleaded guilty to one count of rape. Appellant contends that the sentencing hearing was so brief that the trial court could not have had time to consider all the sentencing factors in R.C. 2929.12. Appellant also argues that the trial court's judgment entry should have included more than a rote recitation that it considered the felony sentencing statutes. The record reveals that the court held a full and thorough sentencing hearing and that the court reviewed R.C. 2929.11 and 2929.12 in rendering its sentence. The court followed the requirements of the felony sentencing statutes and the conviction and sentence are affirmed.

**{2}** Appellant was indicted on November 6, 2008, for two counts of rape, R.C. 2907.02(A)(1), punishable by life in prison, and two counts of gross sexual imposition, R.C. 2907.05(A)(4), third degree felonies. Appellant was accused of engaging in sexual conduct, including digital penetration of the vagina, in the summer of 2004 of the minor child K.B., who was eleven years old at the time. The charges also included the allegation that the crimes were committed by force or threat of force. On February 11, 2009, Appellant entered into a Crim.R. 11 plea agreement. He agreed to plead guilty to one count of rape without a force specification and with a maximum possible penalty of ten years in prison. The state, in return, agreed to dismiss the remaining charges and specifications.

**{3}** The court accepted the guilty plea and ordered a presentence investigation report to be prepared. The sentencing hearing took place on April 2,

2009. The court reviewed the rights Appellant waived in pleading guilty, and both the prosecutor and Appellant's attorney made statements to the court, including notification of a minor correction to the presentence investigation report. Appellant also made a statement at the hearing. The court noted that it had reviewed the presentence investigation report and that the circumstances of the case were "shameful." (4/2/09 Tr., p. 13.) The court orally sentenced Appellant to the maximum sentence of ten years in prison. The sentencing judgment entry, dated April 2, 2009, states that the court "considered the record, pre-sentence investigation report, oral statements, as well as the principles and purposes of sentencing under ORC § 2929.11 and balances the seriousness and recidivism factors under ORC § 2929.12. The Court finds that Defendant is not amenable to a community control sanction." The court noted that Appellant had stipulated to being a Tier III Sex Offender pursuant to R.C. Chapter 2950. The court also notified Appellant regarding post-release control. The judgment entry imposed a ten-year prison term with 136 days of jail time credit. This appeal followed.

## ASSIGNMENT OF ERROR

{4} "The trial court's sentencing of Appellant Larry Watson was clearly and convincingly contrary to law as well as an abuse of discretion."

{5} Appellant is challenging only his sentence in this appeal. Based on the felony sentencing review statute, R.C. 2953.08(G)(2), the Ohio Supreme Court has held that appellate courts must use a two-prong approach to felony sentencing review: "First, they must examine the sentencing court's compliance with all

applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶26 (O'Connor, J., plurality opinion); see also *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{6}** The analysis of whether a sentence is clearly and convincingly contrary to law hinges on a trial court's "compliance with all applicable rules and statutes" in imposing the sentence.  *Kalish* at ¶26.  For example, a trial court's sentence does not demonstrate compliance if it falls outside of the permissible statutory range, contravenes a statute, or is decided pursuant to an unconstitutional statute.  See *State v. McGowan*, 7th Dist. No. 09 JE 24, 2010-Ohio-1309, at ¶66.  In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12.  *State v. Gray*, 7th Dist. No. 07 MA 156, 2008-Ohio-6591, at ¶8, citing *Kalish* ¶13-14 (O'Connor, J., plurality opinion).  Typically, a trial court is expected to at least make a "rote recitation" of its consideration of these two statutes, but even a completely silent record raises a rebuttable presumption that the sentencing court considered all the proper criteria.  *State v. Merriweather*, 7th Dist. No. 09 MA 160, 2010-Ohio-2279, ¶8; *State v. Ballard*, 7th Dist. No. 08 CO 13, 2009-Ohio-5472, ¶71; *State v. James*, 7th Dist. No. 07 CO 47, 2009-Ohio-4392, ¶50.

**{7}** If this inquiry is satisfied, an appellate court then reviews the trial court's sentencing decision for abuse of discretion.  *Kalish* at ¶17, 19-20.  An abuse of

discretion means more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144. Thus, in the felony sentencing context, "[a]n abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and R .C. 2929.12." *State v. Heverly*, 7th Dist. No. 09 CO 4, 2010-Ohio-1005, ¶34. Although the trial courts were formerly required to engage in detailed judicial factfinding in order to justify imposing maximum or consecutive sentences, this is no longer the case. *Foster,* supra, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Imposing maximum or consecutive sentences is simply part of the trial court's overall discretion in issuing a felony sentence and is no longer tied to mandatory factfinding provisions. Id. *Foster* also held that the section of the felony sentencing review statute, R.C. 2953.08(G), requiring review of the trial court's mandatory findings of fact at sentencing was no longer applicable. Id. at ¶99.

{8} Moving on to the first of the two steps of felony sentencing review, we find nothing that would indicate that the sentence is clearly and convincingly contrary to law. The sentence is within the range for first degree felonies; the court did not rely on any unconstitutional statutes; the court dealt with post release control concerns; there were no issues involving penalty enhancements or merged counts; there are no issues regarding the right of allocution; nor do any other potential instances of unlawfulness reveal themselves. The trial court's judgment entry

mentions that the judge considered R.C. 2929.11 and 2929.12, and that is enough to satisfy the legal standard.

{9} Since there is no error of law, Appellant must establish an abuse of discretion in order to succeed on appeal. Appellant first objects to the length of the sentencing hearing. Appellant cites no case or statute that requires any specific amount of time for a sentencing hearing, and thus, has failed to provide any basis for us to find an abuse of discretion. We are also mindful that the length of a sentencing hearing is not completely in the hands of the trial court. A large part of the hearing is taken up by the arguments each attorney presents to the court, which varies from case to case. Both attorneys made statements in this case, and defense counsel's statement was actually quite lengthy. (4/2/09 Tr., pp. 8-13.) There is no indication that the court failed to listen to this statement, left the courtroom, or otherwise failed to consider it as he deliberated.

{10} The defendant also has a right to make a final statement at sentencing, the length of which is completely determined by the defendant. The defendant made a brief statement in this case, and again, there is no indication that the court failed to listen to the statement or failed to consider it as part of sentencing.

{11} The court does not have complete control over how much time is allotted to the aforementioned aspects of sentencing. On the other hand, the trial court does have control over its own pronouncements and rhetoric at the sentencing hearing. In this case, the court stated that it considered the presentence investigation and, "taking everything into consideration," including the prosecutor's

recommendation of a 10-year prison term, it proceeded to impose the maximum prison term. (4/2/09 Tr., pp. 13-14.) There is no indication that the court tried to artificially curtail any aspect of the hearing, and each part of the hearing took its natural course in the time necessary for its completion. While it is preferable for the trial court to discuss the sentencing factors and considerations in more detail, brevity does not equate with error. The burden is on the defendant to show that a reversible and prejudicial error occurred. Since all necessary aspects of sentencing did take place here, there is no error evident in the record in the length of the sentencing hearing.

{12} Appellant acknowledges that the rote recitation spoken by the trial court judge satisfies the requirement that the court consider R.C. 2929.11-12 in rendering its sentence. *State v. Arnett* (2000), 88 Ohio St.3d 208, 215, 724 N.E.2d 793. In fact, a rote recitation is not absolutely required, because "a silent record raises the rebuttable presumption that the sentencing court considered the statutory sentencing criteria." *State v. Ballard*, 7th Dist. No. 08 CO 13, 2009-Ohio-5472, ¶71, citing *State v. James*, 7th Dist. No. 07 CO 47, 2009-Ohio-4392, ¶50. Because the trial court in this case specifically stated that it considered R.C. 2929.11 and 2929.12, it is up to Appellant to rebut the presumption that the court did indeed follow the statutes.

{13} The only factor that the court failed to apply, according to Appellant, is the mitigating factor in R.C. 2929.12(C)(3): "In committing the offense, the offender did not cause or expect to cause physical harm to any person or property." Appellant contends that his attorney addressed this factor on page 12 of the sentencing

transcript, but there is nothing in the transcript on page 12 regarding whether or not Appellant caused physical harm to the victim. At that page in the transcript there appears a conclusory statement by defense counsel that this particular rape "isn't the most serious form of the offense." (4/2/09 Tr., p. 12.) Since there is no context to support the attorney's conclusion, it cannot be treated as mitigating evidence.

{14} Appellant contends that the dismissal of the force specification as part of the plea bargain should be considered as mitigating evidence. It is true that the original charges against Appellant included the "force or threat of force" language that could have invoked a life sentence, and that the state agreed to amend the charge to remove that language. Nevertheless, the trial court could still consider that Appellant had been charged with forcible rape when formulating its sentence: "a sentencing court may consider a criminal charge and supporting facts that are dismissed under a plea agreement." *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶16. "[T]he sentencing court can consider the circumstances of the offense for which the defendant was indicted, even if he negotiated a plea at odds with the indicted elements." *State v. Mayor*, 7th Dist. No. 07 MA 177, 2008-Ohio-7011, ¶17. Based on the record, it is not at all clear that there was any mitigating evidence regarding whether the crime was committed with force, and thus, there is no error in the fact that the trial court did not mention lack of force as a mitigating factor.

{15} Other aspects of the record also support the trial court's sentence. The trial court expressly considered the prosecutor's recommendation of a ten-year prison

term. The trial court was also able to consider that the defendant obtained a substantial benefit by entering into a plea bargain. In this case, a possible life sentence was reduced to a maximum possible sentence of ten years in prison, and three other charges were dismissed. "[N]o caselaw * * * would prohibit a trial judge from taking into account charges that are reduced or dismissed as a result of a plea bargain, [and] in fact, the history of Ohio law indicates that the sentencing judge may consider such factors." *State v. Starkey*, 7th Dist. No. 06 MA 110, 2007-Ohio-6702, ¶19.

{16} We find no error of law or abuse of discretion in the sentence and Appellant's sole assignment of error is overruled. The trial court's judgment is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.