[Cite as *State v. Scott*, 2011-Ohio-4558.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    10 MA 171 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| JOHN W. SCOTT, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:    Criminal Appeal from Common Pleas
Court, Case No. 10CR555.

JUDGMENT:    Affirmed.


APPEARANCES:
For Plaintiff-Appellee:    Attorney Paul Gains
Prosecuting Attorney
Attorney Ralph Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503


For Defendant-Appellant:    Attorney Rhys Cartwright Jones
42 North Phelps Street
Youngstown, Ohio  44503


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


Dated:  September 8, 2011

VUKOVICH, J.

¶{1} Defendant-appellant John W. Scott appeals the decision of the Mahoning County Common Pleas Court which sentenced him to the maximum of twelve months in jail after his guilty plea to escape. The issue is whether the court abused its discretion in refusing to sentence appellant to community control. For the following reasons, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

¶{2} On May 22, 2010, appellant was stopped for failure to use a turn signal after police followed him from a drug house. Instead of immediately pulling over, he drove to a parking lot as he apparently anticipated being arrested and wanted to avoid having the vehicle towed. Upon approaching the occupants of the vehicle, the police witnessed a passenger swallowing rocks of crack cocaine, which the other passenger advised they all had helped purchase. Appellant gave a false name to the officers. When they discovered his real name, they noticed that he was driving under suspension. As he had high blood pressure while being booked into the county jail, he was transported to the hospital. Appellant left the hospital even though he had been advised that he would be charged with escape if he left. Hospital police officers chased him and placed him in custody.

¶{3} Appellant was then indicted for escape, a fifth degree felony in violation of R.C. 2921.34(A), (C)(2)(c)(i). On September 17, 2010, appellant pled guilty in return for the state's recommendation that he receive community control. The court ordered a presentence investigation. At the sentencing hearing, the state recommended community control, and defense counsel asked that the court follow this recommendation, which was also the recommendation of the probation department. In an October 29, 2010 entry, the court sentenced appellant to the maximum of twelve months in jail, with one hundred fifty-nine days credit for time served. The court found appellant was not amenable to community control. The court stated that it considered the purposes and principles of sentencing under R.C. 2929.11 and that it balanced the seriousness and recidivism factors under R.C. 2929.12. The within timely appeal followed.

<u>ASSIGNMENT OF ERROR</u>

**¶{4}** Appellant's sole assignment of error provides:

**¶{5}** "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING MR. SCOTT TO A MAXIMUM PRISON TERM IN-SO-FAR AS IT FOUND AND CONCLUDED THAT MR. SCOTT WAS NOT AMENABLE TO COMMUNITY CONTROL SANCTIONS, DESPITE A RECOMMENDATION OF ALL CONCERNED PARTIES THAT HE WAS AMENABLE TO COMMUNITY CONTROL SANCTIONS."

**¶{6}** Appellant complains that the court's imposition of a maximum sentence instead of community control constitutes an abuse of discretion because the state and the probation department recommended community control. Appellant argues that nothing before the court established that he was not amenable to community control.

**¶{7}** Due to the Ohio Supreme Court's split decision in *Kalish*, we review sentences using both the clearly and convincingly contrary to law standard of review and the abuse of discretion standard of review. *State v. Gratz*, 7th Dist. No. 08MA101, 2009-Ohio-695, ¶8; *State v. Gray*, 7th Dist. No. 07MA156, 2008-Ohio-6591, ¶17, applying *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. We first determine whether the sentencing court complied with any applicable rules and statutes cited to us by appellant to determine whether the sentence is clearly and convincingly contrary to law. *Gratz*, 7th Dist. No. 08MA101 at ¶8. If the sentence is not clearly and convincingly contrary to law, we then determine whether the sentencing court abused its discretion. Id.

**¶{8}** *Foster* eliminated mandatory judicial fact-finding for imposition of a maximum sentence but left intact R.C. 2929.11 and 2929.12. *State v. Merriweather*, 7th Dist. No. 09MA160, 2010-Ohio-2279, ¶8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶38 (these provisions continue to be "an integral part of the felony sentencing process"). However, these statutes are not fact-finding statutes as was R.C. 2929.14. Instead, they serve as "an overarching guide" for a trial judge to consider in fashioning an appropriate sentence. *Kalish*, 120 Ohio St.3d 23 at ¶17. R.C. 2929.11 requires that the sentencing judge consider the purposes and principles of sentencing, and R.C. 2929.12 requires the court weigh certain seriousness and recidivism factors.

**¶{9}** Although it was not required to, the court stated at the hearing and in its judgment entry that it considered the purposes and principles of sentencing under R.C.

2929.11 and weighed the seriousness and recidivism factors under R.C. 2929.12. See *State v. James*, 7th Dist. No. 07CO47, 2009-Ohio-4392, ¶50 (reversal is not automatic where court fails to specifically announce that it considered these statutes; rather, a silent record raises a rebuttable presumption that the court did in fact consider the statutes). The sentencing court was not required to provide any reasons for imposing its sentence or to explain exactly how it applied the statutes. Id.; *Kalish*, 120 Ohio St.3d 23 at ¶12; *State v. Watson*, 7th Dist. No. 09MA62, 2011-Ohio-1178, ¶12.

¶{10} The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for: incapacitating the offender; deterring the offender and others from future crime; rehabilitating the offender; and making restitution. Id. A sentence shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim. R.C. 2929.11(B). The sentencing court has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 and shall consider whether any seriousness and recidivism factors are relevant. R.C. 2929.12(A). See, also, *Kalish*, 120 Ohio St.3d 23 at ¶17 (trial court has full discretion to determine whether a sentence will satisfy the overriding purpose of Ohio's sentencing structure).

¶{11} Regarding the seriousness of the offense, officers had to give chase to arrest appellant, and appellant committed the offense after he had just been arrested for various other offenses, displaying a pattern of escalating conduct. See R.C. 2929.12(A) (any other factor). Regarding recidivism, appellant does have a criminal record: 1994 improper handling of a firearm in a vehicle, 1996 theft, 1997 unauthorized use of a motor vehicle, 2000 assault, 2005 receiving stolen property, and 2005 cocaine possession. See R.C. 2929.12(D)(2). He had been placed on probation multiple times in the past. He violated probation in 2008 and was sentenced to consecutive jail terms on the two offenses for which he was serving community control. See R.C. 2929.12(D)(3). He also has a lengthy traffic record including prior fictitious registration and fictitious plates charges and multiple operating without a license and driving under suspension charges. Additionally, he was arrested for a plethora of other offenses that never resulted in conviction. See *State v. Cooey* (1989), 46 Ohio St.3d 20, 35 (prior allegations of wrongdoing are part of the social

history); *State v. Starkey*, 7th Dist. No. 06MA110, 2007-Ohio-6702, ¶17 (evidence of unpursued offenses can be considered at sentencing). At the time of his arrest, he was on supervision in Warren and on summons from Youngstown. See R.C. 2929.12(D)(1). Although the probation department recommended probation, they conditioned this on completion of a term in a community correction facility with certain programs to complete. However, appellant had this chance in the past. The probation department also noted that he did not seem remorseful. See R.C. 2929.12(D)(5). Finally, there is no indication that the offense was committed under circumstances not likely to recur; rather, the circumstances seem fairly likely to recur. See R.C. 2929.12(E)(4).

¶{12} Thus, contrary to appellant's contention on appeal, there was good reason for the court to determine that appellant was not amenable to community control. The refusal to impose community control was not an abuse of discretion, nor is there any indication that the decision to impose a maximum sentence of twelve months was unreasonable, arbitrary, or unconscionable. See *Kalish*, 120 Ohio St.3d 23 at ¶17 (trial court has full discretion to determine appropriate sentence). As such, this assignment of error is overruled.

¶{13} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
DeGenaro, J., concurs.